IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTIAN THOMPSON, #M16931,   )<br>)<br>  Plaintiff,   )<br>)<br>vs.   )<br>)<br>S. STOVER and H. ELLISON,   )<br>)<br>  Defendants.   ) | Case No. 20-cv-00252-JPG |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Christian Thompson, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983. Plaintiff claims he was denied medical care for a knee injury that occurred in Lawrence's prison yard on June 24, 2019. (Doc. 1, pp. 1-12). A delay in diagnostic testing and treatment caused Plaintiff to suffer unnecessary pain. (*Id.*). He seeks money damages from the defendants. (*Id.* at 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff injured his knee in the prison yard on June 24, 2019. (Doc. 1, p. 6). Nurse Practitioner Stover examined his injury the same day. (*Id.*). Stover wrapped Plaintiff's knee and gave him an ice pack and pain medication. (*Id.*). She also told Plaintiff that he would receive an x-ray on July 1, 2019. (*Id.*). However, Plaintiff was not called for an x-ray on that date. (*Id.*). Plaintiff's knee continued to buckle, and a knot formed above his kneecap. (*Id.* at 9-12). It was very painful, so he requested treatment daily. (*Id.* at 6). When his requests were ignored, Plaintiff filed a grievance to complain about the denial of medical care on July 13, 2019. (*Id.*). Although initially treated as an emergency, the grievance appeal was ultimately denied. (*Id.*).

Based on the allegations, the Court finds it convenient to designate the following claim in the *pro se* Complaint:

> **Count 1:**   Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care for a knee injury that occurred at Lawrence on June 24, 2019.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Discussion**

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). To satisfy the objective component of this claim, a plaintiff must show that he suffered from a sufficiently serious medical condition. *Id.* The Court assumes, without deciding, that Plaintiff's knee injury was sufficiently serious to satisfy the objective component of this claim at screening.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

To satisfy the subjective component, the plaintiff must demonstrate deliberate difference on the part of each defendant. *Id*. Medical providers violate the Eighth Amendment when they intentionally disregard an objectively serious medical condition that poses an excessive risk to an inmate's health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). This includes the decision to ignore medical conditions that obviously require treatment. *Dixon v. County of Cook*, 819 F.3d 343, 350 (7th Cir. 2016). "Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The allegations do not state a claim of deliberate indifference against either defendant.

Nurse Practitioner Stover's involvement in Plaintiff's treatment is limited to a single day— June 24, 2019. Stover examined Plaintiff's injury on the date it occurred. She provided him with a wrap, ice pack, and pain medication. She also scheduled an x-ray. The fact that the x-ray did not occur as scheduled—either because Stover forgot to schedule it or forgot to follow up—is not deliberate indifference. This is particularly true where no other allegations suggest that Stover was aware that Plaintiff missed the x-ray or was involved in his subsequent treatment. As described, Stover's conduct amounts to negligence at most, and negligence is not enough to establish deliberate indifference. *Hildreth v. Butler*, -- F.3d --, 2020 WL 2536620, at *4 (7th Cir May 19, 2020) (citing *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015)). Count 1 shall be dismissed without prejudice against Stover.

Nurse Ellison is named in the case caption of the Complaint and mentioned nowhere else. Merely naming a person as a defendant is not enough to proceed with a constitutional claim against him or her. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Nurse Ellison has no notice

of the claims that Plaintiff may have against him or her.  For this reason, Count 1 shall also be dismissed without prejudice against Nurse Ellison.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. Plaintiff has made no efforts to locate an attorney on his own, either by writing, calling, or otherwise attempting to contact one.  He has also pointed to no significant impediments to self-representation, such as educational, language, medical, or mental health problems.  Standing alone, his limited education and lack of legal knowledge do not warrant the assignment of counsel at this stage, given no efforts on his part to locate counsel and his clear ability to articulate his single claim.  Plaintiff may renew the motion, if necessary, as the case proceeds.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim for relief against Defendants **STOVER** and **ELLISON**.

Plaintiff is **GRANTED** leave to file a First Amended Complaint in this case on or before **June 18, 2020**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and list the case number for this action (No. 20-cv-00252-JPG) on the first

page. An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file his exhibits. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, whether or not Plaintiff amends. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/21/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**