**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHRISTIAN THOMPSON, #M16931,   ) | |
| )   | |
| Plaintiff,   ) | |
| )   | |
| vs.   ) | Case No. 20-cv-00252-JPG |
| )   | |
| NURSE PRACTITIONER STOVER and   ) | |
| WEXFORD HEALTH SOURCE, INC.,   ) | |
| )   | |
| Defendants.   ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of a First Amended Complaint filed by Plaintiff Christian Thompson. (Doc. 10). Plaintiff is an inmate in the custody of the Illinois Department of Corrections and is currently incarcerated at Lawrence Correctional Center ("Lawrence"). He brings this action pursuant to 42 U.S.C. § 1983 for violations of federal and state law that resulted from the denial of medical care for a knee injury. (*Id*. at 5, 7-9). Plaintiff claims that a delay in diagnosis and treatment of his injury caused unnecessary pain and suffering. (*Id*.). He seeks monetary relief. (*Id*. at 10).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**First Amended Complaint**

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 10, pp. 5-9, 11-23): On June 24, 2019, Plaintiff injured his left knee in Lawrence's recreation yard. (*Id*. at 5). He met with Nurse Ellison[1] and Nurse Practitioner Stover the same day. Stover examined Plaintiff's knee and ordered an ice pack and bandage for one week. Stover also scheduled Plaintiff for a follow-up appointment with a nurse practitioner for one week after his injury. She explained that x-rays would be ordered at that appointment. (*Id*.).

At the time, Stover was the only nurse practitioner on staff. However, she did not follow up with Plaintiff. No x-rays were ordered. No other appointment was scheduled. Plaintiff's knee continued to swell, pop, and buckle, resulting in "extreme pain." (*Id*.).

On July 13, 2019, Plaintiff filed an emergency grievance seeking urgent medical attention for his knee. His grievance was "upheld" on July 25, 2019. Health Care Unit Administrator Cunningham confirmed that Plaintiff was not provided with timely treatment. Grievance Officer Livingston indicated that Plaintiff would be seen by a health care provider. However, he was not seen until August 5, 2019. In the meantime, Plaintiff suffered from extreme pain. (*Id*.).

Plaintiff faults Nurse Practitioner Stover for delaying necessary testing and treatment by failing to follow up with Plaintiff, schedule follow-up care with a nurse, alert a doctor to his need for treatment, or order x-rays. (*Id*. at 8). He claims that Stover was deliberately indifferent and

---

[1] In the First Amended Complaint, Plaintiff mentions the following non-parties, among others: Nurse Ellison, HCU Administrator Cunningham, and Grievance Officer Livingston. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). All claims against these non-parties should be considered dismissed without prejudice.

negligent.  (*Id*. at 8-9).  He also blames Wexford Health Source, Inc. for its policy and/or practice of delaying necessary medical testing and treatment in an effort to save money.  (*Id*. at 7).

Based on the allegations, the Court finds it convenient to designate the following claims in the *pro se* First Amended Complaint:

**Count 1:** Eighth Amendment claim against Stover for denying Plaintiff adequate medical care for the knee injury he suffered on June 24, 2019.

**Count 2:** Eighth Amendment claim against Wexford for its policy and/or practice of denying necessary diagnostic testing and treatment in an effort to reduce the cost of inmate medical care.

**Count 3:** Illinois medical negligence claim against Stover for denying Plaintiff adequate medical care for the knee injury he suffered on June 24, 2019.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

### Count 1

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component.  *Gaston v. Ghosh*, 498 F. App'x 629 (7th Cir. 2012).  A plaintiff must show that he suffered from a serious medical condition (an objective standard), and each defendant responded to it with deliberate indifference (a subjective standard).  *Id.* at *3. At this stage, the allegations suggest that Plaintiff suffered from an objectively serious knee injury and that Nurse Practitioner Stover may have responded to the injury with deliberate indifference.  *See Gaston*, 498 F. App'x 629 at *3 (state inmate's knee injury was a serious medical condition not only because it caused him severe pain but also because a physician and orthopedic surgeon recognized the injury as requiring further evaluation and treatment); *Arnett v. Webster*, 658 F.3d

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

742 (7th Cir. 2011) (delay in treating non-life-threatening but painful condition may constitute deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment); *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) (delay in treating inmate may show deliberate indifference where it exacerbates inmate's injury or unnecessarily prolongs his pain). Accordingly, Count 1 shall receive further review against Nurse Practitioner Stover.

## Count 2

In order to maintain an Eighth Amendment claim against a private corporation such as Wexford, a plaintiff must establish that a policy, custom, or practice attributable to the corporation actually caused a violation of the plaintiff's constitutional rights. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782,786 (7th Cir. 2014) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Plaintiff alleges that Wexford had a policy and/or practice of denying diagnostic testing and treatment to save on the cost of inmate medical care, and this policy or practice ultimately caused the delay in his treatment. However, Plaintiff offers no factual allegations to support this claim against Wexford, and his conjecture offers no basis for a claim against the private medical corporation. Count 2 against Wexford shall be dismissed without prejudice.

## Count 3

Finally, Plaintiff seeks to bring a medical negligence claim against Nurse Practitioner Stover under Illinois state law. In a case containing federal and state law claims, a district court may exercise supplemental jurisdiction over state law claims that "are so related to [the federal law claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's allegations of negligence derive from the same facts as his federal constitutional claim, so this Court will exercise supplemental jurisdiction over the claim.

In order to bring a negligence claim under Illinois state law, a plaintiff must allege facts suggesting that the defendant owed him a duty of care, breached the duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). The allegations are sufficient to support a negligence claim against Nurse Practitioner Stover. The Court notes, however, that Plaintiff has not provided the affidavit and medical report required under Illinois state law, *i.e.*, 735 ILCS § 5/2-622. If he intends to proceed with this claim, Plaintiff must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019). His failure to do so is not dispositive of his claim at this point. *Id.* However, Plaintiff must comply with the requirements set forth in 735 ILCS § 5/2-622 before the summary judgment phase of the case. For now, Count 3 shall proceed against Nurse Practitioner Stover.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 10) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNTS 1** and **3** will proceed against Defendant **NURSE PRACTITIONER STOVER. Pursuant to Administrative Order No. 244, Defendant Stover need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice against Defendant **WEXFORD HEALTH SOURCE, INC.** for failure to state a claim for relief.

**The Clerk of Court is DIRECTED to TERMINATE Wexford Health Source, Inc. as a Defendant in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **STOVER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 10), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his

whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/19/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.