**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHRISTIAN THOMPSON, #M16931,**     ) | |
|                  ) | |
|          **Plaintiff,**         ) | |
|                  ) | |
| **vs.**                       ) | **Case No. 20-cv-00252-JPG** |
|                  ) | |
| **SARA STOVER,**              ) | |
|                  ) | |
|          **Defendant.**       ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      This matter came before the Court for a hearing on a Motion to Withdraw as Attorney (Doc. 75) filed by Attorney Thomas Kennedy, III, at 11:00 a.m. on December 22, 2022. Plaintiff Christian Thompson was ordered to appear in person and failed to do so. Plaintiff's counsel, Attorney Thomas Kennedy, III, and Defendant's counsel, Attorney Alejandro Valdez, appeared by video. For the reasons set forth below, the Court finds the Thompson has failed to prosecute his claims and abandoned this case. Therefore, the motion is **GRANTED** and this case is **DISMISSED.**

### Background

      Plaintiff Christian Thompson filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations arising from inadequate medical care for a knee injury he suffered at Lawrence Correctional Center on June 24, 2019. (Doc. 1). Following screening of this matter under 28 U.S.C. § 1915A, Thompson was allowed to proceed with two claims in his First Amended Complaint (Doc. 10) against Nurse Practitioner Sara Stover for deliberate indifference to his serious medical needs in violation of the Eighth Amendment (Count 1) and for medical

negligence in violation of Illinois state law (Count 3).[1]   (Doc. 11).   Thompson subsequently

dropped Count 3 from his Third Amended Complaint.   (*See* Doc. 64 and 65).   The only remaining

claim was Count 1 against Nurse Practitioner Stover.   (*Id*.).

The Court assigned Attorney Thomas Kennedy, III, to represent the plaintiff on

February 1, 2021, and this attorney has represented him ever since.   (Doc. 28).   Thompson's

counsel filed a Motion to Withdraw as Attorney on November 29, 2022, citing his loss of all

contact with his client after August 24, 2022.   (Doc. 75).   According to Attorney Kennedy,

Thompson failed to provide his updated contact information after being released from prison and

moving from his temporary housing.   Due to his inability to communicate with the plaintiff,

Attorney Kennedy seeks withdrawal as counsel for Thompson.   (*Id*.).

The Court scheduled a hearing on the motion for December 22, 2022.   Notice of this

hearing was mailed to Thompson at the last-known addresses on file for him.   Thompson was

ordered to appear at the hearing in person and show cause why the motion should not be granted

and the case dismissed:

> ORDER TO SHOW CAUSE: According to the 75 Motion to Withdraw as Attorney,
> Plaintiff was released from custody on April 8, 2022, and Plaintiff's counsel has had no
> contact with him since August 2022. Plaintiff has not provided his attorney with a current
> address, phone number, or email address. Plaintiff's counsel seeks permission to withdraw
> from his representation. Plaintiff is hereby ORDERED TO SHOW CAUSE why this action
> should not be dismissed based on his failure to prosecute his claims on or before the date
> set for hearing on the Motion to Withdraw as Attorney. See Fed. R. Civ. P. 41(b). The
> Scheduling Clerk shall set a hearing on the Motion and send notice of the hearing to
> Plaintiff at the address currently on file in CM/ECF (Christian Thompson, M16931,
> Lawrence Correctional Center, 10930 Lawrence Road, Sumner, IL, 62466) and at the
> address provided by Plaintiff's counsel (8850 Saginaw, Apt. 2, Chicago, IL 60617).
> Plaintiff is ORDERED to appear in person at the hearing, and he is WARNED that his
> failure to comply with this Order shall result in dismissal of the action. Id.

(Doc. 76).

---

[1] A third claim against the private medical corporation (Count 2) was dismissed without prejudice.   (*Id*.).

Thompson did not appear at the hearing on December 22, 2022. He also did not communicate with the Court about his failure to appear. Attorney Kennedy explained that his client was released from prison on April 8, 2022, and Thompson provided his attorney with his temporary physical address, email address, and phone number on that date. However, Thompson subsequently informed his attorney that he moved from his temporary address and had no permanent address. Since August 24, 2022, Thompson has not contacted his counsel to update his address or contact information, and Attorney Kennedy has been unable to locate him.

<u>**Discussion**</u>

The Court possesses authority to dismiss a lawsuit for want of prosecution when a plaintiff has failed to prosecute his claims with due diligence. *William v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (district court inherently possesses authority to dismiss case *sua sponte* for want of prosecution). Dismissal is one of the tools available to a district court to "achieve the orderly and expeditious disposition of cases." *Id.*; *Harrington v. City of Chi.*, 433 F.3d 542 (7th Cir. 2006) (district courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006) (district court did not abuse its discretion by dismissing lawsuit with prejudice for failure to prosecute without giving plaintiff explicit warning).

The Court now finds that Thompson has abandoned his claims. He is not in contact with his attorney, and he did not appear at the hearing on the pending motion to withdraw as attorney. He has not updated his address with the Court or responded to the pending show cause order. Under the circumstances, the pending motion (Doc. 75) shall be granted, and this case shall be dismissed with prejudice.

## Disposition

**IT IS ORDERED** that the Motion to Withdraw as Attorney (Doc. 75) filed by Thomas E. Kennedy, III with Kennedy Hunt P.C. Is **GRANTED**.  The Court thanks Attorney Kennedy for his service in this matter.  The Clerk's Office is **DIRECTED** to **TERMINATE** Thomas E. Kennedy, III, as attorney for Plaintiff Christian Thompson.

**IT IS ORDERED** that, due to Thompson's abandonment of his claims, this action is **DISMISSED with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Thompson is **ADVISED** that his obligation to pay the filing fee for each action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the $350.00 filing fee remains due and payable in each case.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Thompson wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Thompson does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  He must list each of the issues he intends to appeal in the notice of appeal.  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 12/22/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

4